IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA

**LEGACY SPENCER**,
as the Administrator for the
Estate of Sylvester Demetrius Selby

      Plaintiff,                              Civil Action File No.

**Edward Glaser III**,
in his Individual capacity;
**Sheriff Doug Doughtie,**
in his Official Capacity,


      Defendants.

_____

<u>COMPLAINT FOR DAMAGES</u>

COMES NOW Plaintiff Legacy Spencer, as the Administrator for the Estate of Sylvester Demetrius Selby (hereinafter "Mr. Selby") by and through the undersigned attorneys, and hereby files this Complaint against Edward Glaser III, in his Individual capacity (hereinafter "Deputy Glaser"); Sheriff Doug Doughtie, in his Official Capacity, as Sheriff of Dare County, North Carolina (hereinafter "Defendant Doug Doughtie").

1

## INTRODUCTION

On the night of October 2, 2023, Mr. Selby, a 44-year-old black man, was gunned down by Deputy Glaser of the Dare County Sheriff's Office ("DCSO"). At the time Mr. Selby was shot and killed by Deputy Glaser, he posed no threat to law enforcement, others or himself.

Plaintiff brings a federal constitutional claim against Defendant Glaser, for committing acts under color of law that deprived Mr. Selby of his rights under the Constitution and the laws of the State of North Carolina by using unlawful and deadly force against Mr. Selby; whereby, Mr. Selby was unarmed and posing no threat to law enforcement or others. Further, Plaintiff brings state law claims of Wrongful Death, Battery and Assault against all named Defendants.

## JURISDICTION AND VENUE

1.

This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343 over Plaintiff's claims under the U.S. Constitution, which are brought directly under 42 U.S.C. §1983.

2.

This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because they are so related to the federal claim that it forms part of the same case or controversy under Article III of the U.S. Constitution.

3.

Venue is proper in this District under 28 U.S.C. § 1391(b)(2). All of the events giving rise to this Complaint occurred within this District.

PARTIES

4.

At all times relevant hereto, Plaintiff Legacy Spencer as the Administrator for the Estate of Sylvester Demetrius Selby, is the legitimate/biological daughter of the decedent Sylvester Demetrius Selby, and a citizen of the United States of America.

5.

At all times relevant hereto, Defendant Deputy Edward Glaser III was a citizen of the United States and a resident of the State of North Carolina and was acting under color of state law in his capacity as a law enforcement officer employed by the DCSO. Defendant Deputy Edward Glaser III is sued in his individual capacity.

6.

At all times material hereto, Defendant Doug Doughtie, Sheriff of the Dare County, North Carolina is an entity, corporate and political, duly organized under the laws of the State of North Carolina. Defendant Doug Doughtie, II, was responsible for his deputies training, supervision, and conduct. Doug Doughtie, II, is also responsible for ensuring that his deputies obey the laws of the State of North Carolina and ensuring that his rules, regulations, and policies are followed and enforced. Defendant Doug Doughtie, II is sued in his official capacity.

FACTUAL ALLEGATIONS

7.

On October 2, 2023, at approximately 11:30 p.m., John Sims (hereafter "Mr. Sims") called 911 requesting medical assistance for Mr. Selby. At the time of the 911 call, both Mr. Sims and Mr. Selby were at Mr. Selby's family home, which is located at 1372 Burnside Road, Manteo, NC (Residence).

8.

Deputy DuWayne Gibbs (hereinafter "Deputy Gibbs") and Deputy Glaser of the Dare County Sheriff's Office were dispatched to the scene.

4

9.

Upon arriving to the residence, Mr. Selby, who was suffering from a stab wound to the heart was ordered by officers at gunpoint to exit the residence. Notably, Officer Gibbs who was closer to the door did unholster his service weapon.

10.

Notwithstanding his condition, Mr. Selby complied with Deputy Gibbs' command and exited the home. Deputy Gibbs shinned his flashlight on Mr. Selby once he was outside and observed Mr. Selby holding a kitchen knife in one hand and an apple in the other hand in a non-threating manner. Additionally, Deputy Gibbs could see blood dripping from Mr. Selby's chest.

11.

Deputy Gibbs gave a verbal command for Mr. Selby to put the knife down, to which Mr. Selby responded "Okay".

12.

In an effort to show his hands to law enforcement, Mr. Selby raised both hands above his head, surrendering, and slowly walked down the front steps.

13.

As Mr. Selby was walking down the steps, Mr. Selby stumbled on the last step before reaching the ground and tripped over a bicycle located near the steps causing him to stumble towards the mobile home away from Deputy Gibbs.

14.

As Mr. Selby was falling, Deputy Glaser fired his weapon striking him. Notably, Deputy Glaser was standing approximately 25 feet from Mr. Selby at the time he fired his weapon.

15.

Notably, Deputy Gibbs was less than 15 feet away from Mr. Selby and at no time did he unholster his service weapon. In fact, Deputy Gibbs did not unholster his service weapon throughout the entire encounter.

16.

Mr. Selby immediately collapsed to the ground at the bottom of the steps landing on his back; both the apple and knife were dislodged from Mr. Selby's hand and clearly landed a distance away from Mr. Selby.

17.

In an effort to get off the ground, Mr. Selby tried to reposition himself, but Deputy Glaser commanded Mr. Selby to stop moving as he moved closer to Mr. Selby's body.

18.

Mr. Selby was able to readjust his body whereby his hands and knees were on the ground. Deputy Glaser continued to yell for Mr. Selby to stop moving and eventually shot Mr. Selby two additional times while he was on his hands and knees. Mr. Selby immediately fell on the ground and could be heard gargling off his own blood and gasping for air for several minutes before he died on the scene.

19.

At the times in which Mr. Selby was shot he did not pose any threat or harm to any members of the DCSO or others.

20.

Deputy Glaser intentional and reckless disregard of the life and safety of Mr. Selby resulted in the death of Mr. Selby.

21.

At all times relevant, Deputy Glaser was acting under color of state law in his official capacity as a law enforcement officer employed by DCSO.

**CLAIMS FOR RELIEF**

**FIRST CLAIM FOR RELIEF**
**42 U.S.C. § 1983 – Unlawful Force in violation of the Fourth Amendment**
(Deputy Glaser)

22.

Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 21 of this Complaint.

42 U.S.C. § 1983 provides that:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress…..

23.

Deputy Glaser, is a person for purposes of 42 U.S.C. § 1983.

24.

Deputy Glaser, at all times relevant hereto, was acting under the color of state law in his capacities as a Deputy/ Officer for DCSO and his acts or omissions were conducted within the scope of his official duties or employment.

25.

At the time of the complained of events, Mr. Selby had a clearly established constitutional right under the Fourth Amendment to be secure in his person from unreasonable seizure through excessive force.

26.

Mr. Selby also had the clearly established Constitutional right under the Fourth Amendment to bodily integrity and to be free from excessive force by law enforcement.

27.

Any reasonable DCSO Deputy/Officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

28.

Deputy Glaser's actions and use of force, as described herein, were objectively unreasonable in light of the facts and circumstances confronting them and violated the Fourth Amendment rights of Mr. Selby.

29.

Deputy Glaser's actions and use of force, as described herein, were also malicious and/or reckless, and callous. The force used by Deputy Glaser shocks the conscience and violated the Fourth Amendment rights of Mr. Selby.

30.

Deputy Glaser unlawfully seized Mr. Selby by means of objectively unreasonable, excessive and conscious shocking physical force. The force used was deadly force and did cause the death of Mr. Selby.

31.

Deputy Glaser engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of Mr. Selby's federally protected constitutional rights.

32.

Deputy Glaser did so with shocking and willful indifference to Mr. Selby's rights and with conscious awareness that it could cause Mr. Selby severe bodily harm or death.

33.

The acts or omissions of Deputy Glaser were the moving forces behind Mr. Selby's injuries. The acts or omissions of Deputy Glaser as described herein intentionally deprived Mr. Selby of his constitutional rights and caused him other damages. Deputy Glaser is not entitled to qualified immunity for his actions.

34.

As a proximate result of Deputy Glaser's unlawful conduct, Mr. Selby was killed. As a further result of Deputy Glaser's unlawful conduct, Mr. Selby has incurred special damages, including medical expenses and other special damages, related expenses, in amounts to be established at trial.

35.

Upon information and belief, Mr. Selby suffered lost future earnings and impaired earnings capacities from the not yet fully ascertained sequelae of his injuries, in amounts to be ascertained in trial. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

36.

In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Mr. Selby. All Defendants are jointly and severally liable for violating Mr. Selby's Fourth Amendment Rights.

37.

WHEREFORE, Plaintiff prays for the following relief:

1. Judgment for compensatory damages in excess of $1,000,000.00;

2. Judgment for exemplary or punitive damages;

3. Cost of suit;

4. Reasonable attorney fees, pursuant to 42 U.S.C. § 1988;

5. Trial by jury as to all issues so triable; and

Such other relief as this Honorable Court may deem just and appropriate.

## SECOND CLAIM FOR RELIEF
## 42 U.S.C. § 1983 –Excessive Force in violation of the Fourth Amendment
(Deputy Glaser)

38.

Plaintiff realleges and incorporates herein by reference each and every

allegation contained in paragraphs 1 through 21 of this Complaint.

42 U.S.C. § 1983 provides that:

Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress…..

39.

Deputy Glaser is a person for purposes of 42 U.S.C. § 1983.

40.

Deputy Glaser, at all times relevant hereto, was acting under the color of

state law in his capacities as a Deputy/ Officer for DCSO and his acts or omissions

were conducted within the scope of his official duties or employment.

41.

At the time of the complained of events, Mr. Selby had a clearly established constitutional right under the Fourth Amendment to be secure in his person from unreasonable seizure through excessive force.

42.

Mr. Selby also had the clearly established Constitutional right under the Fourth Amendment to bodily integrity and to be free from excessive force by law enforcement.

43.

Any reasonable DCSO Deputy/Officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

44.

Deputy Glaser's actions and use of force, as described herein, were objectively unreasonable in light of the facts and circumstances confronting them and violated the Fourth Amendment rights of Mr. Selby.

45.

Deputy Glaser's actions and use of force, as described herein, were also malicious and/or reckless, and callous. The force used by Deputy Glaser shocks the conscience and violated the Fourth Amendment rights of Mr. Selby.

46.

Deputy Glaser unlawfully seized Mr. Selby by means of objectively unreasonable, excessive and conscious shocking physical force. The force used was deadly force and did cause the death of Mr. Selby.

47.

Deputy Glaser engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of Mr. Selby's federally protected constitutional rights.

48.

Deputy Glaser did so with shocking and willful indifference to Mr. Selby's rights and with conscious awareness that it could cause Mr. Selby severe bodily harm or death.

49.

The acts or omissions of Deputy Glaser were the moving forces behind Mr. Selby's injuries. The acts or omissions of Deputy Glaser as described herein intentionally deprived Mr. Selby of his constitutional rights and caused him other damages. Deputy Glaser is not entitled to qualified immunity for his actions.

50.

As a proximate result of Deputy Glaser's unlawful conduct, Mr. Selby was killed. As a further result of Deputy Glaser's unlawful conduct, Mr. Selby has

incurred special damages, including medical expenses and other special damages, related expenses, in amounts to be established at trial.

51.

Upon information and belief, Mr. Selby suffered lost future earnings and impaired earnings capacities from the not yet fully ascertained sequelae of his injuries, in amounts to be ascertained in trial. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

52.

In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Mr. Selby. All Defendants are jointly and severally liable for violating Mr. Selby's Fourth Amendment Rights.

53.

WHEREFORE, Plaintiff prays for the following relief:

6. Judgment for compensatory damages in excess of $1,000,000.00;

7. Judgment for exemplary or punitive damages;

8. Cost of suit;

9. Reasonable attorney fees, pursuant to 42 U.S.C. § 1988;

10. Trial by jury as to all issues so triable; and

Such other relief as this Honorable Court may deem just and appropriate.

## THIRD CLAIM FOR RELIEF
### (Assault and Battery)
(All Defendants)

54.

Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 21 of this Complaint.

55.

Deputy Glaser pointed a firearm at Mr. Selby and unjustifiably used deadly force against Mr. Selby, such force was objectively excessive and unreasonable under the circumstances.

56.

Mr. Selby' apprehension was objectively reasonable under the circumstances in that a person of ordinary care and prudence under the same or similar circumstances would have believed that harmful, or offensive contact was about to occur.

57.

Deputy Glaser's actions against Mr. Selby were unreasonable and unlawful. At the time Mr. Selby was shot by Deputy Glaser, Mr. Selby did not pose any threat

or harm to any members of the DCSO or others. Deputy Glaser acted with a depraved indifference to human life and conscious disregard for the safety of the general public, constituted an intentional unwelcome and unprivileged touching of Mr. Selby, and was undertaken in bad faith and with actual malice.

58.

As a further direct and proximate result of the conduct described above, Mr. Selby died. Prior to his death Mr. Selby suffered loss of his liberty and freedom, bodily injury resulting in pain and suffering, mental anguish, and medical expenses for treatment and care. Mr. Selby did not consent to contact with, from or by Deputy Glaser.

59.

At the time of the complained incident, Deputy Glaser was acting within the scope of his employment with Doug Doughtie, in his Official Capacity as Sheriff of Dare County, North Carolina. At the time all Deputy Glaser committed the acts described herein, he was acting within the course and scope of his employment and/or agency with DCSO. As such, Doug Doughtie, in his Official Capacity as Sheriff of Dare County, North Carolina is liable for the intentional acts of Deputy Glaser. Therefore, the intentional acts of Deputy Glaser are imputed to Doug Doughtie, in his Official Capacity as Sheriff of Dare County, North Carolina. through the doctrines of agency, vicarious liability and respondeat superior.

60.

As a further direct and proximate result of the conduct described above, Mr. Selby died. Prior to his death, Mr. Selby suffered loss of his liberty and freedom, bodily injury resulting in pain and suffering, mental anguish, and medical expenses for treatment and care.

61.

WHEREFORE, Plaintiffs prays for the following relief:

1. Judgment for compensatory damages in excess of $1,000,000.00;

2. Judgment for exemplary or punitive damages;

3. Cost of suit;

4. Reasonable attorney fees, pursuant to 42 U.S.C. § 1988;

5. Trial by jury as to all issues so triable; and

6. Such other relief as this Honorable Court may deem just and appropriate.

**FOURTH CLAIM FOR RELIEF**
**(Wrongful Death/Intentional)**
(All Defendants)

62.

Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 21 of this Complaint.

63.

On October 2, 2023, Deputy Glaser, an employee of DCSO, committed a battery when he discharged his weapon to intentionally strike Mr. Selby that resulted in the untimely and unlawful death of Mr. Selby.

64.

The aforementioned act of discharging his weapon at Mr. Selby was intentional and deliberate. Deputy Glaser's acts were carried out in bad faith and with malicious intent to harm Mr. Selby. As a direct and proximate result of his acts, Mr. Selby was murdered.

65.

At the time of the complained incident, Deputy Glaser was acting within the scope of his employment with Doug Doughtie, in his Official Capacity as Sheriff of Dare County, North Carolina. At the time Deputy Glaser committed the acts described herein, he was acting within the course and scope of his employment and/or agency with DCSO. As such, Doug Doughtie, in his Official Capacity as Sheriff of Dare County, North Carolina is liable for the intentional acts of Deputy Glaser. Therefore, the intentional acts of Deputy Glaser are imputed to Doug Doughtie, in his Official Capacity as Sheriff of Dare County, North Carolina. through the doctrines of agency, vicarious liability and respondeat superior.

66.

WHEREFORE, Plaintiff prays for the following relief:

1. Judgment for compensatory damages in excess of $1,000,000.00;

2. Judgment for exemplary or punitive damages;

3. Cost of suit;

4. The value of support and services the deceased person had provided to the surviving family members;

5. Loss of companionship, guidance, and protection provided by the deceased person;

6. Mental and emotional pain and suffering due to the loss of a parent, and medical or funeral expenses any surviving family member has paid for the deceased person;

7. Pain and suffering prior to death.

8. The deceased person's estate may also recover certain types of damages. These include:

    a. lost wages, benefits, and other earnings, including the value of lost earnings that the deceased person could reasonably have been expected to make if he or she had lived

    b. lost "prospective net accumulations" of the estate, or the value of earnings the estate could reasonably have been expected to collect if the deceased person had lived, and

c. medical and funeral expenses that were paid by the estate directly.

d. Such other relief as this Honorable Court may deem just and appropriate.

## PRAYER FOR RELIEF

Plaintiff prays that this Court enter judgment for the Plaintiff and against each of the Defendants and grant:

A. compensatory and consequential damages, including damages for emotional distress, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by law in an amount in excess of $4,000,000.00.

B. economic losses on all claims allowed by law;

C. special damages in an amount to be determined at trial;

D. punitive damages on all claims allowed by law against all Defendants and in an amount in excess of $1,000,000.00

E. attorneys' fees and the costs associated with this action under 42 U.S.C. § 1988, including expert witness fees, on all claims allowed by law;

F. pre- and post-judgment interest at the lawful rate; and,

G. any further relief that this court deems just and proper, and any other appropriate relief a law and equity.

**PLAINTIFF REQUESTS A TRIAL BY JURY.**

 Respectfully submitted,

This the 7th   day of December, 2023.

<div style="margin-left:40%">

Law Offices of Harry M. Daniels, LLC

/s/ Chantel Cherry-Lassiter
Chantel Cherry- Lassiter
NC Bar No. 54245
4751 Best Road Suite 490
Atlanta, GA 30337
Telephone: (678) 664-8529
chantelcherrylassiter@ccllaw.org


/s/ Harry M. Daniels
Harry M. Daniels
Georgia Bar No. 234158
4751 Best Road Suite 490
Atlanta, GA 30337
Telephone: (678) 664-8529
daniels@harrymdaniels.com

</div>