IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 2:23-CV-65-FL

| | | |
|---|---|---|
| LEGACY SPENCER, as the Administrator for the Estate of Sylvester Demetrius Selby | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | ORDER |
| EDWARD GLASER, III, in his individual capacity, and DOUG DOUGHTIE, Sheriff, in his Official Capacity | ) ) ) ) | |
| Defendants. | | |

This matter came before the court March 13, 2024, for hearing on a myriad of motions and for conference pursuant to Rule 16 of the Federal Rules of Civil Procedure. Harry M. Daniels, Jr. and L. Chantel Cherry-Lassiter appeared as counsel for plaintiff, and Christopher J. Geis appeared for defendants. In accordance with rulings made on the record, the court orders the following:

1. Defendants' motion to dismiss for improper service (DE 11) is DENIED, without opposition, where uncontested proof of proper service was filed February 21, 2024.

2. Plaintiff's motion to strike (DE 17) is GRANTED IN PART and DENIED IN PART. While filings by defendants at docket entry numbers 10 and 33 shall remain a part of this record, and in this part the motion is denied, the clerk immediately shall place under seal docket entries 10 and 33, and so, in this part, plaintiff's motion is granted.

a. To preserve attendant confidentiality, at this time, of matters therein presented, and hearing no objection, plaintiff's supplemental supporting memorandum, filed at docket entry number 34, and corrected and refiled again at 35, both also are sealed.

3. Defendant's motion for leave to file exhibit, (DE 29), is GRANTED.[1] The court took in the exhibit, a flash drive containing law enforcement body camera video of the encounter giving rise to the suit, and ordered of its own initiative that it be maintained under seal, pending further order of the court.

4. Not later than **March 23, 2024**, the parties shall exchange proposed protective orders addressing treatment of the subject flash drive. The parties shall attempt to agree on terms of the proposed protective order, and, if agreement is reached, file with the court the agreed-to protective order not later than **March 27, 2024.**

    a. If the parties cannot agree, each party shall file its own proposed protective order t by that same date, together with a memorandum communicating reasoning and case law supporting its respective position and rejecting that of the opposition. No response will be allowed.

5. Plaintiff shall file motion to amend her complaint, if any, with supporting memorandum, **within 30 days** of receiving the subject flash drive.

    a. Defendants readily acknowledged at hearing that if a motion to amend is made and then allowed, the amended complaint will supersede the original one, rendering moot defendants' existing motion to dismiss for failure to state a claim. (DE 30).

    b. Defendants articulated through counsel that in that event, successive motion to dismiss will be filed. As a general rule, "an amended pleading ordinarily supersedes the

---

[1] At hearing, counsel for the defendants indicated no objection to providing the subject flash drive to plaintiff's counsel pursuant to the terms of an agreed upon protective order.

original and renders it of no legal effect." <u>Young v. City of Mount Ranier</u>, 238 F.3d 567, 573 (4th Cir. 2001); <u>see also</u> 6 Charles Alan Wright, et al., Fed. Prac. & Proc. § 1476 (3d ed. 1998) ("A pleading that has been amended under Rule 15(a) supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified. . . . Once an amended pleading is interposed, the original pleading no longer performs any function in the case").

6. If no motion to amend is made, plaintiff shall respond to defendant's motion to dismiss for failure to state a claim (DE 30) **within 30 days** of receiving the subject flash drive.

7. Defendants' motion to stay (DE 25) is GRANTED at this time, subject to later review, for reasons noted on the record.

8. Christopher J. Geis, counsel for defendants, now will communicate with both Harry M. Daniels, Jr., as well as L. Chantel Cherry-Lassiter, counsel for plaintiff in this case, advancing "the just, speedy, and inexpensive determination" of this action as per Rule 1 of the Federal Rules of Civil Procedure.

SO ORDERED, this 13th the day of March, 2024.

_____
LOUISE W. FLANAGAN
United States District Judge