IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

NO. 2:23-CV-65-FL

| | |
|---|---|
| LEGACY SPENCER, as the Administrator for the Estate of Sylvester Demetrius Selby,<br><br>Plaintiff,<br><br>v.<br><br>EDWARD GLASER, III, in his individual capacity, and SHERIFF DOUG DOUGHTIE, in his official capacity,[1]<br><br>Defendants. | ORDER |

This matter is before the court on defendants' motion to dismiss (DE 30), and plaintiff's motions to amend and to seal (DE 47, 50). The issues raised are ripe for ruling. For the following reasons, the court grants plaintiff's motions and terminates as moot defendants' motion.

### STATEMENT OF THE CASE

Plaintiff commenced this civil rights action December 7, 2023, asserting claims under 42 U.S.C. § 1983 for unlawful and excessive force in violation of the Fourth Amendment, as well as state law claims for assault, battery, and wrongful death. Plaintiff seeks compensatory and punitive damages, as well as cost of suit and other expenses as set forth in the complaint.

Defendants filed the instant motion to dismiss for failure to state a claim March 6, 2024, relying upon an affidavit of Jeff Derringer, chief deputy to the Sheriff of Dare County, North

---

[1] The clerk is DIRECTED to conform the caption on the face of the docket to that specified in the caption of this order, including the capitalization, punctuation, and ordering of the parties' names and their individual and official capacities.

Carolina. Before this motion ripened, however, on March 13, 2024, the court held a Rule 16 status conference and motion hearing on several motions then pending, at which the court stayed the deadline for plaintiff to respond to the motion to enable plaintiff to receive from defendants "a flash drive containing law enforcement body camera video of the encounter giving rise to the suit" (hereinafter, the "flash drive video"). (Order (DE 37) at 2). Among other rulings addressed at conference,[2] the court directed plaintiff to file a motion to amend her complaint, if any, within 30 days of receipt of the flash drive video, and it stayed Rule 26(f) conference activities subject to later review.

Plaintiff filed the instant motion to amend her complaint, May 17, 2024, with reference to a proposed amended complaint, redline version, and three photographs captured from the flash drive video.[3] Defendants responded in opposition,[4] and filed a supplemental response in opposition July 3, 2024, relying upon a report of autopsy investigation, report of investigation by medical examiner, and a toxicology report. In the meantime, plaintiff filed the instant motion to seal the exhibits attached to her motion to amend.

---

[2] In particular, the court denied defendants' motion to dismiss for improper service (DE 11); granted in part and denied in part plaintiff's motion to strike (DE 17); granted defendants' motion to file the flash drive manually (DE 29); directed the parties to file a proposed protective order regarding the flash drive, which protective order subsequently was filed (DE 39). The court also provided plaintiff the option, if no motion to amend was made, to "respond to defendant's motion to dismiss for failure to state a claim (DE 30) within 30 days of receiving the subject flash drive." (Order (DE 37) at 3).

[3] Plaintiff originally filed the instant motion to amend April 15, 2024, accompanied by a proposed amended complaint and the three photographs as proposed sealed exhibits. (DE 40, 41). Upon notices of deficiency, however, plaintiff refiled the instant motion to amend May 17, 2024. Although it is captioned as a motion for leave to file "second amended complaint," (DE 47 at 1), along with a proposed "second amended complaint," (DE 47-2), the court treats it as a motion to file first amended complaint, since the originally filed motion at DE 40 was corrected and refiled at DE 47, and no first amended complaint has yet been filed.

[4] Defendants filed both a response in opposition to plaintiff's originally filed motion to amend and the instant motion. (See DE 44, 49).

# STATEMENT OF THE FACTS

The facts alleged in the proposed amended complaint may be summarized as follows. Plaintiff is administrator for the estate of Sylvester Demetrius Selby ("Selby"), who was a resident of Manteo, North Carolina. On October 2, 2023, at approximately 11:30 p.m., John Sims ("Sims") "called 911 requesting medical assistance" for Selby. (Prop. Am. Compl. (DE 47-2) ¶ 7). At the time of the 911 call, both Sims and Selby were at "Selby's family home, which is located at 1372 Burnside Road," in Manteo (the "residence"). (Id.). Dare County Sheriff's Office deputies DuWayne Gibbs ("officer Gibbs") and defendant Edward Glaser III ("defendant Glaser") "were dispatched to the scene." (Id. ¶ 8).

"Upon arriving to the residence, [] Selby, who was suffering from a stab wound to the heart was ordered by officers to exit the residence." (Id. ¶ 9). Officer Gibbs "unholster[ed] his service weapon," and "Selby complied with [the officers'] command and exited the home." (Id. ¶ 10). Officer Gibbs allegedly observed "Selby holding a kitchen knife in one hand and an apple in the other hand in a non-threating manner." (Id.). "Additionally, [officer] Gibbs could see blood dripping from [] Selby's chest." (Id.).

Officer Gibbs "gave a verbal command for [] Selby to put the knife down," to which Selby responded "Okay." (Id. ¶ 11). As "Selby proceeded down the steps, [d]efendant Glaser gave a verbal command to drop the knife." (Id. ¶ 12). While Selby's "arms were raised and within seconds of giving the command, [d]efendant Glaser raised his weapon and fired the first round," striking Selby. (Id.).

Upon being shot, Selby fell and "stumble[d] over a bicycle located near the steps, . . . to the ground at the bottom of the steps landing on his back." (Id. ¶13). "[B]oth the apple and knife were dislodged from [] Selby's hand." (Id.). "While on the ground and on his back, [] Selby

3

frantically flail[ed] his hands and legs in the air while sliding on his back for approximately 12 seconds." (Id. ¶ 14).

According to the proposed amended complaint, "[f]or the entire 12 seconds[,] . . . it was abundantly clear that [] Selby was no longer in possession of the kitchen knife or apple." (Id. ¶ 15). "Sims pleaded to [d]efendant Glaser not to shoot [] Selby multiple times" during these 12 seconds. (Id.).

Then, "Selby was able to readjust his body whereby his hands and knees were on the ground." (Id. ¶ 16). "Selby attempted to run in between [o]fficer Gibbs and [d]efendant Glaser in efforts to flee." (Id. ¶ 18). While "Selby was attempting to get up and flee, [d]efendant Glaser discharged his weapon, striking [] Selby." (Id. ¶ 17). "Defendant Glaser discharged his weapon a third time as [Selby] was falling back to the ground," striking Selby. (Id.).

According to the proposed amended complaint, "Selby was not armed and did not lunge in the direction of [o]fficer Gibbs or [d]efendant Glaser at the time [d]efendant Glaser discharged his weapon for the second and third time striking and killing" Selby. (Id. ¶ 18). "Moreover, [] Selby was never able to gain his footing before [d]efendant Glaser fired [the] two additional shots striking" Selby. (Id. ¶ 19). "Selby immediately fell on the ground and could be heard gargling off his own blood and gasping for air for several minutes before he died on the scene." (Id. ¶ 20).

"The second and third bullets entered [] Selby's body in a downward trajectory from back to front." (Id. ¶ 21). According to the proposed amended complaint, "[a]t the times in which [] Selby was shot, he did not pose any threat or harm to any members of the [Dare County Sheriff's Office] or others." (Id. ¶ 22).

## COURT'S DISCUSSION

The court turns its attention first to plaintiff's motion to amend.

A.  Motion to Amend

   1.  Standard of Review

"The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "[L]eave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would [be] futile." Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (en banc).[5] The court may "deny leave to amend as futile if the [proposed pleading] fails to withstand Rule 12(b)(6) scrutiny." In re Triangle Cap. Corp. Sec. Litig., 988 F.3d 743, 750 (4th Cir. 2021).

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, ... bare assertions devoid of further factual enhancement[,] ... unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009).

   2.  Analysis

Plaintiff's proposed amendments are not futile because they are an attempt to align her allegations more closely than those in the original complaint with the flash drive video of the encounter and the North Carolina State Bureau of Investigation ("SBI") file. "[C]ourts must be mindful not to short-circuit . . . a plaintiff's plausible claim of excessive force based on a video

---

[5] Throughout this order, internal quotation marks and citations are omitted unless otherwise specified.

that does not blatantly contradict [the plaintiff's] allegations." Doriety for Est. of Crenshaw v. Sletten, 109 F.4th 670, 681 (4th Cir. 2024). "[A] court is not permitted at this stage of the proceedings to resolve contests surrounding the facts or the merits of a claim." Id. at 679.

Defendants suggest the court should deny the instant motion to amend on the basis of their arguments in support of their motion to dismiss. This suggestion is unavailing for two reasons. First, plaintiff has not had an opportunity to respond to that motion. Second, defendants' motion does not take into account recent intervening cases by the United States Court of Appeals for the Fourth Circuit with substantial bearing on the issues in dispute. In Doriety, the court described the level of deference that must be given to a plaintiff's allegations at a motion to dismiss stage, when considered in conjunction with video evidence, noting the "high bar" necessary to establish a contradiction between the two. 109 F.4th at 680. Further, in Rambert v. City of Greenville, 107 F.4th 388 (4th Cir. 2024), the court emphasized that, "if the historical facts are sufficiently settled," whether an officer's conduct "was objectively reasonable . . . is a question of law." Id. at 398 (emphasis added).

Defendants contend that plaintiff's "allegations are so unchanged that, if the court grants the plaintiff's motion, the defendants will re-file the same motion to dismiss and brief." (Defs' Resp. (DE 44) at 8). However, filing the same motion to dismiss and brief, without addressing the new allegations in light of Doriety, would not provide a viable basis for dismissal. 109 F.4th at 680. Accordingly, the court leaves for another day analysis of plaintiff's allegations under the standard set forth in Doriety, in the event it is necessary so to do. Plaintiff's motion to amend is granted.

B.  Motion to Dismiss

As noted by the court in its March 14, 2024, order, "an amended pleading ordinarily supersedes the original and renders it of no legal effect." (Order (DE 37) at 2-3). "Once an amended pleading is interposed, the original pleading no longer performs any function in the case." (Id. at 3). Therefore, defendants' motion to dismiss, premised upon the allegations in the original complaint, will be terminated as moot upon filing of plaintiff's amended complaint as directed herein.

C.  Motion to Seal

For good cause shown, in accordance with the consent protective order entered March 20, 2024, plaintiff's motion to seal is granted. The clerk is DIRECTED to maintain exhibits at DE 41-1, 41-2, and 41-3, under seal.

## CONCLUSION

Based on the foregoing, plaintiff's motions to amend and to seal (DE 47, 50) are GRANTED. Plaintiff is DIRECTED to file her amended complaint within **five days** of the date of this order. Upon filing of plaintiff's amended complaint, the clerk is DIRECTED to TERMINATE AS MOOT defendants' motion to dismiss (DE 30), on the basis of this order. The court's stay on Rule 26(f) activities, imposed March 14, 2024, shall remain in full force and effect, until the pleadings are framed.

SO ORDERED, this the 27th day of August, 2024.

                                                LOUISE W. FLANAGAN
                                                United States District Judge